No. 23-2376

**In the United States Court of Appeals for the Third Circuit**
_____

AXALTA COATING SYSTEMS LLC,
*Petitioner*,
v.
UNITED STATES DEPARTMENT OF TRANSPORTATION,
Federal Aviation Administration,
*Respondent.*

_____

**UNCONTESTED MOTION
TO STAY BRIEFING PENDING DECISION BY U.S. SUPREME COURT**

By a Text Only Order dated December 6, 2023, the Court set December 27, 2023 as the due date for Petitioner Axalta Coating Systems LLC ("Axalta") to file its opening brief. Pursuant to Federal Rules of Appellate Procedure 26(b) and 27, as well as Third Circuit Rules 27.3 and 31.4, Axalta moves the Court to stay briefing and – after the U.S. Supreme Court issues a decision in *SEC v. Jarkesy*, Supreme Court No. 22-859 – set a new briefing schedule on the terms set out below. Respondent does not oppose this motion.

Petitioner states the following in support:

1. This Petition for Review involves a challenge to a decision by the U.S. Department of Transportation ("DOT"), Federal Aviation Administration ("FAA"), to impose a civil penalty in a regulatory enforcement action. The

    Initial Decision to impose that liability was made by a DOT administrative law judge ("ALJ") and FAA affirmed.

2. In the administrative proceedings before the ALJ and the FAA Administrator, Axalta argued, inter alia, that imposition of such punishment without an independent fact-finder violated Axalta's rights under Art. III of the U.S. Constitution and the Seventh Amendment. Axalta additionally challenged the ALJ's Initial Decision on the grounds that the extent of his for-cause removal protection violated the "take care" clause of Art. II. Axalta relies in part on *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), which held that monetary penalties were not valid because the ALJ in that case enjoyed too many layers of removal protection and respondent's rights could not properly be adjudicated in an administrative court.

3. The U.S. Supreme Court heard oral argument in *Jarkesy* on November 29, 2023, and their decision on the merits could issue within twelve to fifteen weeks.

4. The issues arising from Axalta's Petition for Review will likely be significantly affected by the Supreme Court's decision in *Jarkesy*.

5. A stay of briefing would conserve the resources of the parties and the Court. If briefing is not stayed, the parties could waste a substantial amount of time and effort presenting issues that may be at least partly resolved in *Jarkesy* and it is likely the parties would find it necessary to submit

supplemental briefing on those same issues following the Supreme Court's decision. A stay would, by contrast, allow for a single round of briefing that would fully account for developments at the Supreme Court.

6. Axalta therefore moves that briefing in this case be stayed pending the Supreme Court's consideration of *Jarkesy*. Consistent with the Court's Order in another of its pending administrative law cases, *Sun Valley Orchards, LLC v. Dept. of Labor*, No. 23-2608 (Docket Item No. 16) (stay entered October 20, 2023), the parties will advise this Court, in writing, within 14 days after any decision reached by the Supreme Court. When the parties' responses are filed, the stay will automatically lift and the Clerk will enter a proposed briefing schedule.

7. The undersigned counsel consulted counsel for FAA, who advised that this motion is uncontested.

WHEREFORE, Petitioner respectfully asks that the motion to stay be granted.

                                      Respectfully submitted,

                                      */Jerry W. Cox/*
                                      Jerry W. Cox, Esq.
                                      Potomac Strategy Associates
                                      14561 Sterling Oaks Dr.
                                      Naples, FL 34110
                                      (703) 757-5866
                                      jcox@potomacstrategyassociates.com

December 7, 2023                         *Counsel for Petitioner*

CERTIFICATE OF COMPLIANCE WITH
RULES OF APPELLATE PROCEDURE

I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in 14-point Garamond, a proportionally space font. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 510 words, according to the count of MS Word. This motion is uncontested under Third Cir. Rule 27.3.

/s/ Jerry W. Cox
Jerry W. Cox

CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on December 7, 2023, I electronically filed and served the foregoing document by using the appellate CM/ECF system.

/s/ Jerry W. Cox
Jerry W. Cox