# POTOMAC STRATEGY ASSOCIATES

14561 Sterling Oaks Dr.                                                                              (voice) 703-757-5866
Naples, FL. 34110                                                                     jcox@potomacstrategyassociates.com

June 30, 2025

**VIA ELECTRONIC FILING**

Patricia S. Dodzuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

       *Re:*    **Axalta Coating Systems LLC v. FAA, No. 23-2376
(argument heard February 20, 2025)
Citation of Supplemental Authority
Federal Rule of Appellate Procedure 28(j)**

Dear Ms. Dodzuweit:

      Petitioner asks this Court to apply *SEC v. Jarkesy* to decide whether FAA may, in an entirely in-house proceeding, impose a civil penalty. This case implicates Seventh Amendment jury rights but FAA argues that such proceedings are exempt under the "public rights doctrine."

      At oral argument, Axalta counsel urged this Court to apply *Jarkesy*'s two-step analysis. A few weeks later, a sister Court did exactly that. In *AT&T, Inc. v. FCC*, No. 24-60223 (5th Cir., Apr. 17, 2025), the Government argued that FCC could impose a penalty in-house because the agency was enforcing a "highly reticulated and technical scheme" to protect "public safety." Slip Op. at 11. The Fifth Circuit flatly disagreed, noting that *Jarkesy* required them to "consider[] two things: the ***cause of action*** and the ***remedy*** it provided." *Id.* at 9. This Court, too, must start "with the ***remedy*** because it is the more important." *Id.* Money damages are designed to "punish and deter," so the Government would have to overcome *Jarkesy*'s "presumption … in favor of Article III courts," by showing why the nature of the underlying ***cause of action*** overcomes this presumption. *Id.* at 14.

The Government's case in *AT&T* and *Axalta* rests on the technical nature of the regulated parties' obligations. "However 'technical' [the Communications Act] may be," the Fifth Circuit concluded, "its substance is closely analogous to a negligence action" despite the lack of statutory language like "reasonable care." *Id.* at 12. By contrast, FAA's prosecution of Axalta unambiguously rests on terms like "reasonable person exercising reasonable care," straight out of negligence law. *Id.*

The Government's argument that any ambiguity over the nature of FAA's **cause of action** is sufficient to apply the "public rights" doctrine would "blow[] a hole in what is meant to be a narrow exception." *Id.* at 14. "Ambiguity on this second consideration [**nature of the cause of action**] points us back to the 'more important' consideration – **remedy.**" *Id.* at 12-13. Here, FAA's archetypical common law remedy means that the public rights exception does not apply and Article III adjudication is mandatory." *Id.* at 18.

Respectfully,

*/s/ Jerry W. Cox*
Jerry W. Cox, Esq.
(703) 757-5866
jcox@potstrat.com
*Counsel for Petitioner*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter contains 350 words, which is within the 350-word limit set by FRAP 28(j).

*/s/ Jerry W. Cox*
Jerry W. Cox, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing letter using the Court's CM/ECF system on June 30, 2025. Counsel for all parties are registered users of the Court's CM/ECF system. Service will be accomplished using the Court's CM/ECF system.

*/s/ Jerry W. Cox*
Jerry W. Cox, Esq.